[No. 1155. Decided February 12, 1894.]

David Wallace, *Appellant*, v. Ira A. Town and W. W. Likens, *Respondents*.

WEIGHT OF TESTIMONY—ACTION BETWEEN ATTORNEY AND CLIENT.

Where the evidence is conflicting as to whether a deed given by plaintiff for attorney fees, although absolute on its face, was intended as security merely for their payment, a judgment in favor of defendants should not be set aside on the ground of the fiduciary relation of the parties, as such case simply involves the credibility of witnesses, and not the fairness of the transaction.

*Appeal from Superior Court, Pierce County.*

*M. L. Clifford*, for appellant.

*Town & Likens*, for respondents.

The opinion of the court was delivered by

Dunbar, C. J.—Respondents, a law firm, were employed by the appellant to transact certain legal business involving a five acre tract of land owned by appellant near the city of Tacoma. Appellant executed to respondents a warranty deed for one-eighth of this tract of land. The claim of appellant is, that this deed was intended as a mortgage to secure respondents' attorneys' fees; while the re-

spondents claim that it was an actual payment of their attorneys' fees agreed upon. So that the question to be determined is, was the deed mentioned intended to be an absolute deed as expressed on its face, or was it intended to be a mortgage for the security of a reasonable attorneys' fee.

This is a case of pure conflict of testimony. This court has often said, where the jury, or when tried by the court, the court, had weighed the testimony, this court would not disturb such findings when there was sufficient testimony to sustain the same. It is urged by the appellant that the testimony in this case, where the relation of attorney and client is shown to exist, must be weighed by a different scale from that employed in weighing testimony generally. While it is true that where this relationship exists courts will closely inspect the testimony and the whole transaction between the attorney and client, yet it seems to us that, under the circumstances of this particular case, this deed cannot be construed with reference to any particular relationship, but that it becomes a case involving simply the credibility of witnesses.

The appellant swears that the deed was intended as a mortgage, and that no specific amount of attorney's fees was agreed upon. This testimony is flatly contradicted by respondent Likens, who swears positively that there was no talk or understanding about any security, but that after considerable discussion as to what their attorneys' fees should be it was positively understood and agreed that they were to have a deed and absolute title to one-eighth of the land for their fees. In answer to the question, if it was not understood that they were to hold the land until the attorney's fees were paid, the witness testified:

"No, sir; I understood and he understood that we were to have absolute title to one-eighth of that land for our fees. There was no understanding nor nothing said about any

other arrangement. We were to have the absolute, unqualified ownership.

"Q. Did you tell him the effect of making that deed to you? A. He knew it was a deed and that we were going to record it.

"Q. Did you tell him as to the effect of that deed; that it meant an absolute deed of one-eighth of all of that property at the time the deed was executed? A. The agreement was that we were to have a warranty deed for an undivided one-eighth of the property, and that warranty deed was executed according to that agreement."

It seems to us that this becomes simply a question of veracity, and that one or the other of these witnesses was not telling the truth, and that if the court believed the testimony of respondent it could not believe the testimony of appellant, and that no relation of attorney and client, or any other relation, could affect the credibility of the witnesses so far as the weight of testimony was concerned. Nothing in this case showed that by reason of the relationship of attorney and client any advantage was taken of the want of technical understanding on the part of the appellant. It was a plain proposition, which any man of ordinary understanding outside of the legal profession could comprehend. The record shows that the appellant was a man having had some experience with deeds and mortgages, and he evidently knew the difference between a deed and a mortgage. If his testimony is true, the fact is that the instrument was intended as a mortgage to secure the attorneys' fees. If the testimony of the respondent is true, the fact is that the instrument was intended as an absolute deed or payment of the attorneys' fees; and as we have before said, it is simply a question of which witness was telling the truth. The court who heard the testimony believed the testimony of respondent, and we think that, from all the circumstances of the case, he was justified in so believing.

We recognize the force of the authorities cited by the learned attorney for the appellant, to the effect that when the relation of attorney and client is shown, it devolves upon the attorney to show the entire fairness of the transaction, and that the reasonable value of the services was equal to the value of the land deeded.   But these cases are not in point here.   This question of the unequal value of the services and the land was not raised by the pleadings. It is nowhere claimed in the complaint that the services were not commensurate with the value of the land; but appellant alleges that he has been put to great expense and cost by reason of the misconduct of the defendants while employed by him as his attorneys, and that the amount of such expense and costs is far greater than the reasonable value of all services rendered by said defendants as his attorneys.   While it does not appear to us that this allegation is borne out in any manner by the testimony, yet any act of negligence on the part of the attorneys subsequent to the making of the deed could not be taken into consideration in determining the intention of the parties at the time of the execution of the deed.

We think, under all the circumstances of the case, that the finding of the court below was justified by the testimony, and the judgment will, therefore, be affirmed.

ANDERS, HOYT, STILES and SCOTT, JJ., concur.